LYE v. OBERMEYER & LIEBMANN et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1915.)

1. SPECIFIC PERFORMANCE &#9758;17—PARTIES ENTITLED—DISAVOWAL OF OBLIGATION.

Where parties made defendants to an action disavowed any obligation on account of the contract in suit between plaintiff and defendant, they could not enforce specific performance thereof, though they might submit to the direction of the court in that regard.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 38-46; Dec. Dig. &#9758;17.]

2. SPECIFIC PERFORMANCE &#9758;22—RIGHT OF OVERPAID VENDOR.

Where the vendor of land is overpaid $125 through misrepresentation or misunderstanding as to the amount of the mortgage, the purchaser should not be obliged to perform against his will.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 51, 53; Dec. Dig. &#9758;22.]

Appeal from Special Term, Suffolk County.

Action by Alice Lye against Obermeyer & Liebmann and others. From a judgment, plaintiff appeals. Judgment amended and affirmed on condition.

The following are the findings of the referee as confirmed by the Court below:

I. That the plaintiff, Alice Lye, and the defendant, Abraham W. Doremus, should specifically perform the agreement made and entered into between them on the 11th day of May, 1915, for the sale and purchase of the real property above described.

II. That the plaintiff, Alice Lye, and the defendant Abraham W. Doremus are liable for and should assume and agree to pay the amount now due upon the mortgage of $1,875 and interest hereinbefore mentioned, held by said Liedtke, upon the execution and delivery of the deed to the plaintiff hereinafter mentioned.

III. That the defendants Obermeyer & Liebmann and the Frank Ibert Brewing Co., Inc., and the defendant Abraham W. Doremus, should be directed to make, execute, and deliver to the plaintiff a bargain and sale deed of all the right, title, and interest of the said defendants of, in, and to the real property above described, the said deed to contain a provision that the said defendant Abraham W. Doremus and plaintiff assume and agree to pay the amount due at the time of the execution and delivery of the said deed upon the mortgage aforesaid held by said Liedtke.

IV. That the defendant Abraham W. Doremus is the owner of the personal property described in the "fifteenth" finding of fact herein, subject to the chattel mortgage for $1,500 and interest, held by the defendant Obermeyer & Liebmann.

V. That said defendant Obermeyer & Liebmann is entitled to enter and retake the said chattels from the said real property without further legal proceedings, cause the same to be sold on notice to the defendant Doremus, and

apply the proceeds thereof on account of the amount due on said chattel mortgage held by said defendant Obermeyer & Liebmann from the defendant Doremus, which at this date is the sum of $1,500 and interest from the date thereof.

VI. That no personal judgment should be entered against the defendant Abraham W. Doremus by reason of the overpayment to him by the plaintiff of the sum of $125, specified in the eleventh finding of fact herein, for the reason that said Doremus has not been heard in this action as to any offsets he may claim to have against the said sum as due him from the plaintiff, but the rights of the plaintiff to recover the amount due her from said Doremus by reason thereof shall not be merged in the judgment herein or affected in any way thereby.

VII. That none of the parties hereto should receive costs of this action.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Percy L. Housel, of Riverhead, for appellant.

Sidney A. Clarkson, of Brooklyn (Albert A. Hovell, of Brooklyn, on the brief), for respondents.

PER CURIAM.  [1, 2]  Obermeyer & Liebmann disavow any obligations on account of the contract between Doremus and the plaintiff. They are therefore not in a position to enforce specific performance, although they may submit to the direction of the court in that regard. Doremus, although a party to the action, has never offered to perform, nor does he ask for specific performance, although in open court he seems to have consented to it. He is overpaid by $125, through misrepresentation or misunderstanding as to the amount of the mortgage. Therefore the plaintiff should not be obliged to perform against her will. There is no judgment or finding as to the cause of action sought to be alleged in the complaint against Obermeyer & Liebmann, but the record shows that no cause of action has been proven.

The judgment should be amended so as to provide for the dismissal, on the merits, of the complaint against Obermeyer & Liebmann. The judgment so far as it directs specific performance should be reversed, without costs, unless plaintiff shall, within 20 days after entry of the order of this court, serve on defendants' attorneys notice whether she accepts specific performance as provided by the judgment. In case of such election, the judgment, amended as above, is affirmed, without costs. Settle order before THOMAS, J.